# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>ANEAL V. MAHARAJ,<br><br>　　　　　Defendant(s). | 2:05-CR-364 JCM (VCF) |

### ORDER

Presently before the court is defendant Aneal Maharaj's motion in limine to suppress evidence of Maharaj's alleged flight. (Doc. # 121). The government filed an opposition. (Doc. # 122). A trial is scheduled for October 29, 2012.

**I.    Factual Background**

Defendant was originally indicted in September of 2005. (Doc. #121, 1:4). An initial superseding indictment was then filed in September of 2006. (Doc. #121, 1:7). In August of 2008, the court ordered a continuation of the defendant's trial until January 12, 2009. (Doc. #121, 3:12). On October 15, 2008, a second superseding indictment was issued and the government moved to revoke the defendant's pre-trial release. (Doc. #122, 1:20-26). The government contended that the defendant was committing new crimes, as well as continuing the same behaviors for which he was initially indicted. (Doc. #122, 1:2). The defendant appeared for his arraignment on October 17, 2008, and was allowed time to respond to the government's motion to revoke his release status. (Doc.

**James C. Mahan**
**U.S. District Judge**

1 #122, 2:3-5). The court set a hearing for October 31, 2008. (Doc. #122, 2:6). The defendant failed to appear for the scheduled hearing on October 31, 2008, and a bench warrant was issued. (Doc. #122, 2:21-22). Shortly thereafter, the government discovered the defendant had departed to Fiji and sent an extradition request to the Fijian authorities. (Doc. #122, 2:23-24). In April of 2009, Fijian authorities arrested the defendant pursuant to the government's request. (Doc. #122, 2:25-26). He was extradited to the United States in November of 2011. (Doc. #122, 3:24-25).

Defendant moves to suppress evidence of his alleged flight. (Doc. #121). Defendant argues that an alleged flight "could have any number of alternative explanations or inferences besides consciousness of guilt." (Doc. #182, 4:15-16). Defendant also contends that the alleged flight was remote in relation to the initial charges, and that he had attended multiple proceedings over the course of several years prior to leaving for Fiji, thus diminishing the inference of guilt. (Doc. #121). According to defendant, "any inference of guilt stemming from the alleged flight would be [unduly] prejudicial." (Doc. #121).

In response, the government argues that the defendant fled immediately prior to the hearing on the motion to revoke his release. (Doc. #122, 3:16-17). It also asserts that the defendant fought extradition from Fiji for more than two years, furthering the inference of guilt. (Doc. #122, 3:25-26). The government contends that it should be allowed to introduce the evidence to show consciousness of guilt. (Doc. # 122).

## II.   Discussion

### A.   Legal Standard

Pursuant to the *Myers*[1] test, flight evidence is probative of a defendant's guilt if four inferences are justified: (1) from the defendant's behavior to flight; (2) from the flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and, (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged. *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir. 1998).

---

[1] *United States v. Myers*, 550 F.2d 1036 (5th Cir. 1977). The Ninth Circuit has adopted the Fifth Circuit's test from *Myers*.

James C. Mahan
U.S. District Judge

- 2 -

Federal Rule of Evidence 402 states that only relevant evidence is admissible at trial. FED. R. EVID. 402. Evidence is relevant if "it has any tendency to make a fact more probable or less probable than it would be without the evidence." FED. R. EVID. 401; *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005).

Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. This is a balancing test left to the sound discretion of the trial court. *See, e.g.*, *Maddox v. City of L.A.*, 792 F.2d 1408, 1417-18 (9th Cir. 1986).

B.     Analysis

Applying the *Myers* test to the instant case to determine whether flight evidence is probative of the defendant's guilt, the four inferences are justified. The defendant freshly learned of the second superseding indictment roughly two weeks prior to his alleged flight. He also knew of the motion to revoke his pretrial release based on allegations that he continued to commit the same crimes for which was originally indicted. Furthermore, he was aware of the impending hearing date to potentially revoke his pre-trial release, yet fled the country on or around that date.[2] Finally, defendant allegedly challenged extradition from Fiji for more than two years. The combination of these circumstances satisfies the *Myers* criteria that the evidence of flight is probative of consciousness of guilt.

The probative value of the flight evidence easily meets the Rule 401 relevancy definition. The evidence of flight could make the government's allegations of guilt more probable than they would be without the evidence.

Though the court has found the flight evidence to be relevant, it still must decide if its probative value is substantially outweighed by the possibility of unfair prejudice. *See* FED. R. EVID.

---

[2] The government contends that the defendant first attempted unsuccessfully to depart through Canada, prior to traversing the entire west coast and leaving through Mexico.

1  403. It is undisputable that the evidence of flight will prejudice the defendant. However, the
2  prejudice to the defendant must be unfair and substantially outweigh its probative value. *Id*. The
3  advisory committee for the Federal Rules of Evidence defines "unfair prejudice" as "an undue
4  tendency to suggest decision on an improper basis." FED. R. EVID. 403.

5      The defendant will have the opportunity to rebut the evidence and diminish its prejudicial
6  effect. The jury will be capable of making their decision based on the totality of all the evidence
7  introduced at trial. Administering the Rule 403 balancing test, the probative value of the defendant's
8  alleged flight is not substantially outweighed by unfair prejudice.

9      Accordingly,

10      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Aneal Maharaj's
11  motion in limine (doc. # 121) be, and the same hereby is, DENIED, consistent with the foregoing.

12      DATED September 20, 2012.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -