UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ANEAL V. MAHARAJ,<br><br>　　　　　　　　　　Defendant. | Case No. 2:05-cr-00364-JCM-VCF<br><br>ORDER |

Currently before the court is petitioner Aneal Maharaj's motion for extension of time to file a 28 U.S.C. § 2255 petition. (Doc. # 165). The government filed a response. (Doc. # 167).

Also before the court is petitioner's motion directing prison authorities to allow access to petitioner's legal documents. (Doc. # 166). The government filed a response. (Doc. # 167).

Finally, before the court is petitioner's motion for leave to file a supplemental exhibit in support of his motion for extension of time. (Doc. # 168).

**I.     Motion for extension of time.  (Doc. # 165).**

Petitioner requests an extension of time to file his motion to vacate, set aside, and/or correct his sentence under 28 U.S.C. § 2255. (*See* doc. # 165). Petitioner states that he has been unable to prepare his § 2255 motion because prison authorities will only allow petitioner's counsel to send paper documents to him that are absolutely pertinent to the case. (*See id.*). The prison, for storage and safety reasons, said they could not accommodate the eight boxes of documents, 98 discovery CDs and a hard drive containing the information that petitioner attempted to obtain. (*See id.*).

§ 2255 grants petitioner a one-year period of limitation from the date on which the judgment of conviction became final to make a motion. *See* 28 U.S.C. § 2255(f)(1). Petitioner

states that the court's amended judgment on August 6, 2013 started the clock running, thus giving petitioner until August 6, 2014 to file a § 2255 petition. Petitioner filed his motion for an extension of time on September 3, 2014. (Doc. # 165).[1]  Therefore, petitioner's motion for an extension of time is untimely filed, since he filed it after the August 6, 2014 deadline.

Further, even if petitioner's motion were timely filed, this court does not have jurisdiction to grant petitioner's extension because he has not filed a § 2255 petition. The exercise of federal jurisdiction under the Constitution depends on the existence of a case or controversy. *U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 446 (1993); *see also Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988) (Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to cases and controversies). A case or controversy exists when one party demonstrates that it has suffered injury-in-fact which fairly can be traced to acts or omissions of the second party and when there is a substantial likelihood that the relief requested will redress the injury claimed. *Johnson,* 851 F.2d at 234.

A federal court lacks jurisdiction to consider the timeliness of a habeas petition unless and until such a petition is actually filed. *See Ford v. Warden,* 2008 WL 2676842, at *1-2 (C.D. Cal. 2008). Otherwise there is no case or controversy within the meaning of Article III of the Constitution. *See id.* (the Constitution's "case or controversy" jurisdictional requirement precludes advisory opinions that a statute of limitations will not bar an anticipated, but not yet filed, federal habeas petition); *see also United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (granting government motion to dismiss appeal from order denying motion to submit out of time petition under 28 U.S.C. § 2255 because no case or controversy in absence of filing of petition); *Calderon v. Ashmus,* 523 U.S. 740, 746-49 (1998) (no "case or controversy" where prisoners sought declaratory relief to determine the time limits that would govern future habeas actions).

Here, because petitioner has not actually filed a § 2255 petition, there is no action or proceeding pending and no case or controversy to be heard. If and when petitioner actually files

---

[1] Petitioner filed his first motions for extension of time (doc. # 162), and directing prison authorities to allow access to petitioner's legal documents (doc. # 163) with the court *pro se* on August 6, 2014. The court denied both of petitioner's motions without prejudice under Local Rule IA 10-6(a), because petitioner was, and continues to be, represented by counsel. Therefore, under Rule IA 10-6(a), the petitioner may not file motions on his own behalf when he is represented by an attorney. Petitioner's attorney filed the instant motions.

2

a petition for writ of habeas corpus, the court may consider an argument that such a petition should be considered timely. Unless and until that occurs, however, this court is without jurisdiction to consider the matter.

**II.     Motion directing prison authorities to allow access to petitioner's legal documents. (Doc. # 166).**

Petitioner moves for a court order "direct[ing] prison authorities to allow access to Petitioner's legal documents." (Doc. # 166). Though the prison is willing to grant petitioner access to paper documents essential to his case, for storage and safety reasons, the prison claims they cannot accommodate the eight boxes of documents, 98 discovery CDs and a hard drive containing the information that petitioner asks to obtain. (*See* doc. # 166).

Petitioner alleges that the prison's numerous lockdowns, and the prison's unwillingness to supply him with all of the legal documents pertaining to his case have impeded him from preparing a § 2255 motion. (*See* doc. # 166). Therefore, petitioner asserts this court should intervene to instruct prison authorities to allow petitioner access to all of his legal documents.

The government argues that the court should consider petitioner's motion as a 28 U.S.C. § 2241 petition. "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). The court, however, is not persuaded by this argument. Petitioner's request for access to all of his court documents is not a challenge to the conditions of his sentence's execution, but an attempt to gain access to documents petitioner feels are necessary to bring an effective § 2255 challenge before the court. Therefore, the court addresses this motion as an issue of access to the courts.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 346 (1996); *Bounds v. Smith,* 430 U.S. 817, 821 (1977); *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in

the law." *Bounds*, 430 U.S. at 828. The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. *See Lewis*, 518 U.S. at 356-57. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits. *See id.* at 353 n. 3 & 354-55. Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed. *See id.* at 354-55.

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury. *See id.* at 349. "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim. *See id.* Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. *Id.* at 362.

In the instant case, petitioner claims that he is injured by not being allowed access to each and every legal document in his case. Further, petitioner claims that prison authorities severely limited access to the law library after serious disturbance in the prison on May 20, 2012. Since this disturbance, petitioner alleges that access to the law library has been restricted to an "invitation only" system and for periods of five hours in length maximum.

Petitioner further submits documents showing his communications with prison officials regarding his attempts to access all of the legal materials for his case. The prison officials clearly state that they can provide some of the legal mail, but are unable to accommodate petitioner's request for all of the legal documents pertaining to his case for safety and storage reasons. The warden also communicated with petitioner's attorney the prison's inability to store the amount of materials petitioner requested.

The court finds that the prison has a legitimate penological purpose in maintaining the safety and security of the prison by only allowing prisoners access to pertinent documents provided in paper form. This is not the type of "actual injury" contemplated by the courts in a denial of access to legal documents case. Therefore, petitioner's motion for a court order directing prison authorities to allow access to petitioner's legal documents is denied.

/ / /

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Aneal Maharaj's motion for extension of time to file a 28 U.S.C. § 2255 petition (doc. # 165), be DENIED.

IT IS FURTHER ORDERED that petitioner's motion directing prison authorities to allow access to petitioner's legal documents (doc. # 166), be DENIED.

IT IS FURTHER ORDERED that petitioner's motion for leave to file a supplemental exhibit in support of his motion for extension of time (doc. # 168), be DENIED as moot.

DATED THIS 23rd day of October 2014.

*[signature]*

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE